UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 6:20-cv-00523 ) |
| SIMONE D. ISACK, KIARNA MAREE ISACK, and B.I., a Minor, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER RELIEF**

Plaintiff, American General Life Insurance Company, by its undersigned attorneys, files its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants Simone D. Isack, Kiarna Maree Isack, and B.I., a Minor, and states as follows:

**Parties**

1.  American General Life Insurance Company ("American General") is a Texas insurance company with its principal place of business in Houston, Texas.

2.  Upon information and belief, Simone D. Isack is a citizen and resident of the State of Florida, residing in Orange County, Florida.

3.  Upon information and belief, Kiarna Maree Isack is a citizen and resident of the State of Florida, residing in Orange County, Florida.

4.  Upon information and belief, B.I., a minor, is a citizen and resident of the State of Florida, residing in Orange County, Florida.

1

5. Upon information and belief, Defendant Simone D. Isack is the mother of Defendants Kiarna Maree Isack and B.I., a minor.

6. Upon information and belief, Justin D. Isack (the "Decedent") is the father of Defendants Kiarna Maree Isack and B.I., a minor.

## Jurisdiction and Venue

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as Plaintiff is a citizen of the State of Texas and Defendants are all citizens of the State of Florida. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court also has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. American General has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants reside in Orange County, Florida, which is in the Middle District of Florida, Orlando Division pursuant to 18 U.S.C. § 89(b).

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one of the Competing Claimants resides in this District.

## Factual Background

11. On or about February 17, 2009, the Decedent purchased a Renewable Level Benefit Term Life Insurance Policy from American General with a face amount of $500,000.00. *See* American General Life Insurance Policy No. YME0838856 (the "Policy"), attached hereto as **Exhibit A**. The Policy's application listed the Decedent's then-wife, Simone D. Isack, as the

primary beneficiary. *See id.* The Policy's application listed the "Children of the [Decedent] in equal shares" as the contingent beneficiaries. *See id.*

12. On August 9, 2012, a Final Judgment of Dissolution of Marriage with Minor Children was entered in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which terminated the marriage of Decedent and Simone D. Isack. *See* Final Judgment of Dissolution of Marriage with Minor Children (the "Final Judgment"), attached hereto as **Exhibit B**. Paragraph 4 of the Final Judgment states the parties have entered into a Marital Settlement Agreement and Parenting Plan, and the Marital Settlement Agreement and Parenting Plan is ratified and made a part of the Final Judgment. *See id.*

13. Upon information and belief, the Marital Settlement Agreement and Parenting Plan incorporated in the Final Judgment is dated May 22, 2012. Section 6.7 of the Marital Settlement Agreement and Parenting Plan states that as long as the Decedent is legally obligated to support any child, the Decedent is required to contract for and keep in full force and effect a life insurance policy with a face value of $250,000.00, with Defendant Simone D. Isack, as trustee for the children, designated as the irrevocable beneficiary. Section 6.7 also states that within 30 days after the insurance policy is obtained, Decedent will provide Defendant Simone D. Isack with the name and address of the insurance company, the policy number, and a copy of the insurance policy.

14. The Decedent died on November 12, 2019. A copy of the Death Certificate of Justin D. Isack and of the U.S. Department of State Report of Death of a U.S. Citizen or U.S. Non-Citizen National Abroad are attached hereto as **Exhibit C**.

15. Upon information and belief, at the time of the Decedent's death, his only two children were Defendants Kiarna Maree Isack and B.I., a minor. Upon information and belief, at

the time of the Decedent's death, Defendant Kiarna Maree Isack had reached the age of 18 and Defendant B.I. was a minor.

16. As a result of the death of the Decedent, the Policy's death benefit of $500,000.00 became due and payable to the beneficiary or beneficiaries.

17. Pursuant to Fla. Stat. § 732.703(2),

> A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

Subsection (3)(f) specifies that subsection (2) applies to "[a] life insurance policy… that is not held within an employee benefit plan or a tax-qualified retirement account." *See* Fla. Stat. § 732.703(3)(f). Subsection (9) specifies that Fla. Stat. § 732.703 applies to all beneficiary designations made by decedents dying on or after July 1, 2012. *See* Fla. Stat. § 732.703(9).

18. Thus, pursuant to Fla. Stat. § 732.703(2), the Decedent's designation of Defendant Simone D. Isack as primary beneficiary of the Policy would be revoked, and the Policy benefit would be payable to the contingent beneficiaries, Defendants Kiarna Maree Isack and B.I. in equal shares.

19. However, subsection (4)(d) states that subsection (2) shall **not** apply,

> If the order of dissolution or order declaring the marriage invalid requires that the decedent acquire or maintain the asset for the benefit of a former spouse or children of the marriage, payable upon the death of the decedent either outright or in trust, only if other assets of the decedent fulfilling such a requirement for the benefit of the former spouse or children of the marriage do not exist upon the death of the decedent.

*See* Fla. Stat. § 732.703(4)(d).

20. The Marital Settlement Agreement and Parenting Plan required Decedent to contract for and keep in full force and effect a life insurance policy with a face value of

4

$250,000.00 with Defendant Simone D. Isack, as trustee for the children, designated as the irrevocable beneficiary for as long as the Decedent was legally obligated to support any child.

21. American General is unable to determine whether the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement and Parenting Plan.

22. The Policy was issued more than three years before the Marital Settlement Agreement and Parenting Plan.

23. The Policy has a face amount of $500,000.00, while the Marital Settlement Agreement and Parenting Plan only required the Decedent to maintain a life insurance policy with a face amount of $250,000.00.

24. American General has no record of receiving a change of beneficiary request for the Policy to name Defendant Simone D. Isack as trustee for the children as primary beneficiary, per the terms of the Marital Settlement Agreement and Parenting Plan.

25. American General is unaware of Decedent providing Defendant Simone D. Isack with the name and address of the insurance company, the policy number, and a copy of the Policy, per the terms of the Marital Settlement Agreement and Parenting Plan.

26. In the event it is determined that the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement and Parenting Plan, American General is unable to determine whether subsection (4)(d)'s exception to the statutory revocation of subsection (2) would only apply to $250,000.00 of the Policy, or would apply to the full $500,000.00 face amount of the Policy.

27. In the event it is determined that the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement

5

and Parenting Plan, American General is unable to determine whether only $250,000.00 of the Policy is subject to the Marital Settlement Agreement and Parenting Plan or if the full $500,000.00 face amount of the Policy is subject to the Marital Settlement Agreement and Parenting Plan.

28. On or about January 8, 2020, Defendant Simone D. Isack submitted a written claim to the Policy's death benefit. *See* Simone D. Isack Claimant's Statement, attached hereto as **Exhibit D**.

## Count One

### Declaratory Judgment as to the Payment of Policy Benefits

29. American General incorporates Paragraphs 1-28 by reference.

30. Defendant Simone D. Isack seeks payment of benefits under the Policy.

31. Fla. Stat. § 732.703(2) would operate to revoke the designation of Defendant Simone D. Isack as primary beneficiary of the Policy, and the Policy benefit would be payable in equal shares to the contingent beneficiaries, Defendants Kiarna Maree Isack and B.I.

32. However, pursuant to Fla. Stat. § 732.703(4)(d), the statutory revocation of Fla. Stat. § 732.703(2) does not apply if the Final Judgment and the Marital Settlement Agreement and Parenting Plan required Decedent to maintain the Policy for the benefit of Defendants.

33. American General is unable to determine whether the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement and Parenting Plan.

34. In the event it is determined that the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement and Parenting Plan, American General is unable to determine whether subsection (4)(d)'s exception to the statutory revocation of subsection (2) would only apply to $250,000.00 of the Policy, or would apply to the full $500,000.00 face amount of the Policy.

35. In the event it is determined that the Policy was intended to fulfill Decedent's obligation to maintain a life insurance policy per the terms of the Marital Settlement Agreement and Parenting Plan, American General is unable to determine whether only $250,000.00 of the Policy is subject to the Marital Settlement Agreement and Parenting Plan or if the full $500,000.00 face amount of the Policy is subject to the Marital Settlement Agreement and Parenting Plan.

36. Therefore, an actual controversy exists as to whom American General is obligated to pay the death benefit due under the Policy.

37. A declaratory judgment regarding to whom American General is obligated to pay the death benefit due under the Policy will completely resolve the controversy between the parties.

## Count Two

### Interpleader Relief

38. American General incorporates Paragraphs 1-37 by reference.

39. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

40. American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

41. American General neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

42. American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

43. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

44. Contemporaneously with the filing of this Complaint for Interpleader Relief, American General has moved for leave to deposit into the registry of the Court the benefits due and owing under the Policy, plus accrued interest, if any.

45. American General alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 2361, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

### **Relief Requested**

WHEREFORE, Plaintiff American General Life Insurance Company requests the following relief:

a. For a declaratory judgment as to whom American General is obligated to pay the benefit due under the Policy;

b. That Defendants be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Policy Number YME0838856 and on account of the death of Justin D. Isack, and that said injunction issue without bond or surety;

c. That Defendants be required to make full and complete Answer to this Complaint for Declaratory Judgment and Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

d. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy Number YME0838856;

e. That this Court discharge American General of and from any and all further liability under Policy Number YME0838856 and on account of the death of Justin D. Isack;

f. That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

g. That this Court enter an order awarding American General its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under Policy No. YME0838856; and

h. That this Court grant American General such other and further relief as this Court deems just and equitable.

Dated: March 24, 2020                    Respectfully Submitted,

*s/ David P. Donahue*
David P. Donahue
Fla. Bar No. 119885
Louis F. Mendez
Fla. Bar No. 99558
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Telephone: (205) 719 0400
Email: ddonahue@bressler.com
          lmendez@bressler.com

Attorneys for Plaintiff American General Life Insurance Company